The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence of to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing, as
STIPULATIONS
1. To the extent plaintiff's claim is not barred under the provisions of N.C. Gen. Stat. § 97-24, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of the alleged accident on February 1, 1993, an employment relationship existed between the plaintiff-employee and the defendant-employer.
3. The defendant was self-insured at that time with Constitution State Service Company as its servicing agent.
4. On February 1, 1993, plaintiff earned an average weekly wage of $216.80 per week.
5. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
6. Plaintiff's medical records from Dr. J. Leonard Goldner are admitted as Stipulated Exhibit #1.
7. Plaintiff's medical records from the Coastal Pain Orthopedic Clinic are admitted as Stipulated Exhibit #3.
8. Plaintiff's medical records from Dr. George Nettles are admitted as Stipulated Exhibit #3.
9. Plaintiff's medical records from Dr. McCormick are admitted as Stipulated Exhibit 34.
10. Plaintiff's medical records from Dr. Jack E. Dunlap and Dr. Stacy Jackson are admitted as Stipulated Exhibit #5.
11. `Plaintiff's medical records from Dr. George A. Ferre are admitted as Stipulated Exhibit #6.
12. All Industrial Commission Forms, including Forms 18, 19, 33 and 33R and correspondence are hereby made a part of the record.
**********
Based upon all of the competent credible, and convincing evidence adduced in this case and reasonable inferences drawn therefrom., the undersigned make the following additional
FINDINGS OF FACT
1. On February 1, 1993, plaintiff was employed by defendant-employer as a "toe closer". At that time, defendant-employer was engaged in the manufacturing of pantyhose for women, and plaintiff worked closing the toes of these pantyhose on a machine.
2. On February 1, 1993, plaintiff was performing her normal duties, shaking out pantyhose, when she experienced discomfort and pain in her neck, shoulders and back.
3. Plaintiff reported her neck pain to her supervisor, Shirley, on February 2, 1993, when the pain did not subside. Defendant-employer referred plaintiff to Dr. Jack E. Dunlap, an orthopaedic surgeon, who diagnosed plaintiff with a strain in the right side of her neck. Dr. Dunlap also noted in his treatment notes in early 1993 that plaintiff suffers from severe degenerative arthritis in her hands. Plaintiff also reported knee pains to Dr. Dunlap.
4. Plaintiff had been employed with defendant-employer since 1985. Prior to the alleged incident in February, 1993, plaintiff had been switched around to various positions within the defendant-employer's plant due to her arthritis in her hands. The plaintiff had been placed in the toe closing position in 1993 due to the arthritis in her hands. Plaintiff did not return to work for defendant-employer after February 22, 1993, because her arthritis prevented her from performing the sewing type positions available at defendant-employer.
5. Defendant-employer filed an Industrial Commission Form 19, dated March 7, 1993, concerning plaintiff's report of alleged injury on February 1, 1993.
6. Defendant-employer sent plaintiff a letter dated March 16, 1993, denying compensability for plaintiff's alleged injury on February 1, 1993. The North Carolina Industrial Commission received a copy of this letter April 16, 1993.
7. On April 20, 1993, the Industrial Commission sent plaintiff a letter stating the defendant-employer had denied liability for the February 1, 1993, injury. This letter also stated plaintiff had two years from the date of the accident to file her appeal.
8. Plaintiff received the March 16, 1993, letter from defendant-employer and the April 20, 1993, letter from the North Carolina Industrial Commission. Plaintiff understood that she needed to file her claim within two years.
9. Plaintiff filed an Industrial Commission Form 18 January 11, 1996, received by the Industrial Commission January 16, 1996, alleging strain to right side of neck and to hands, occurring on February 1, 1993.
10. Plaintiff filed an Industrial Commission Form 33 on March 22, 1996, received by the Industrial Commission on March 26, 1996, reciting the date of her injury as February 1, 1993, and alleging injury to hands, neck and shoulders.
11. Plaintiff originally did not want to appeal the 1993 denial but later decided to and eventually sought advice from attorney Dallas M. Pounds in early 1995. No notice of representation or employment or contract of employment was ever presented by Mr. Pounds to the Commission.
12. Plaintiff failed to file a claim with the North Carolina Industrial Commission for any alleged injury to her neck, shoulders or hands beginning in February of 1993 within two years following February of 1993.
13. There is insufficient evidence of record from which to find by its greater weight that defendants induced plaintiff into any delay in filing a claim with the Industrial Commission for any alleged injury to her neck, shoulders or hands beginning in February of 1993.
**********
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-24(a).
2. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two-year period prescribed by N.C. Gen. Stat. § 97-24, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-24(a).
3. Defendants are not estopped to rely on N.C. Gen. Stat. § 97-24 in bar of plaintiff's claim. N.C. Gen. Stat. §97-24.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ____________ day of ______________, 1998.
FOR THE FULL COMMISSION
 S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws